IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CORY HEMRICH and COOPER OGBURN individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No.: 3:15-cv-445-DRH-SCW<br>)<br>) |
| DRAFTKINGS, INC., a Delaware corporation, | )<br>) |
| Defendant. | ) |

**MOTION FOR CLASS CERTIFICATION**

COME NOW Plaintiffs CORY HEMRICH and COOPER OGBURN (collectively "Plaintiffs"), by their attorneys and on behalf of themselves and all others similarly situated, and move for an Order certifying each of the classes alleged in Plaintiffs' Complaint pursuant to applicable rules of this Court. In support thereof, Plaintiffs state as follows:

1. Plaintiffs filed their class action complaint on behalf of the members of certain Classes to recover amounts of money that they and the members of the Classes did not receive from Defendant upon registering with DraftKings despite Defendant's representations that their initial payments would be doubled as a "free bonus," "FREE OFFER," "100% First-Time Deposit Bonus," "**DOUBLE YOUR CASH**" bonus, and/or the like. Plaintiffs allege that Defendant's practices, as alleged in the Complaint, violate the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* ("ICFA"), and the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* ("MMPA"). *See* Class Action Complaint, Doc. 1, the allegations of which are incorporated herein by reference.

2. On behalf of themselves and the classes, Plaintiffs seek damages, attorneys' fees, costs, and appropriate declaratory relief.

3. Defendant in these actions is Draftkings, Inc.

4. Plaintiffs seek certification of the following classes:

    a. **Illinois Class.** All consumers who, in the State of Illinois, deposited money into a DraftKings account after receiving the representation of a "Free Bonus," "FREE OFFER," 100% First-Time Deposit Bonus," "**DOUBLE YOUR CASH**" Bonus and/or the like and did not receive 100% of the initial deposit as promised.

    b. **Missouri Class.** All consumers who, in the State of Missouri, deposited money into a DraftKings account for personal, family or household purposes, after receiving the representation of a "Free Bonus," "FREE OFFER," 100% First- Time Deposit Bonus," "**DOUBLE YOUR CASH**" Bonus and/or the like and did not receive 100% of the initial deposit as promised.

Excluded from the classes are officers, directors and employees of Defendants and any entity affiliated with or controlled by Defendants, counsel and members of the immediate families of counsel for Plaintiffs herein, and the judge presiding over this action and any member of the judge's immediate family.

5. These classes meet the requirements for class certification set forth in Fed. R. Civ. P. 23.

    a. The Classes are believed to comprise many consumers, far more than 100,

the joinder of whom is impracticable, both because they are geographically dispersed across the states of Illinois and Missouri and because of their number.

b. Class treatment will provide substantial benefits to the parties and the Court. A well-defined commonality of interest in the questions of law and fact affect Plaintiff and the putative Class Members. Common questions of law and fact include:

- Whether DraftKings made the representations set forth in the Complaint.
- Whether those representations were false.
- Whether DraftKings' practices alleged herein were unfair.
- Whether DraftKings' practices alleged herein were unethical.
- Whether DraftKings' practices violated the ICFA and the MMPA.
- Whether consumers were injured thereby.
- Whether DraftKings' so-called "Terms of Use" are unconscionable.
- Whether DraftKings' so-called "Terms of Use" are an illusory contract

c. Plaintiffs' claims are typical of the claims of their respective proposed Classes in that, just as was the case for Class Members, they registered for DraftKings, paid a deposit and did not receive an immediate doubling.

d. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Classes. Plaintiffs have no interests antagonistic to those of

      the Classes. Plaintiffs have retained competent and experienced counsel in the prosecution of this type of litigation.

    e. Questions of law and fact common to members of the Classes, some of which are set forth above, predominate over any questions affecting only individual members of the Class. The resolution of common questions will resolve the claims of both Plaintiffs and the Class.

  6. Discovery and additional investigation is necessary to fully develop the facts for the Court's determination of this motion.

  7. Pursuant to *Damasco v. Clearwire Corp.*, 662 F.2d 891, 896 (7th Cir. 2011), the Court should allow Plaintiffs to file this motion and defer its consideration to permit the parties to conduct discovery and additional investigation. In *Damasco*, the Seventh Circuit held that the defendant's offer to satisfy the plaintiff's complete individual demand mooted that plaintiff's claim for class relief. The court advised future plaintiffs who wish to prevent this from happening – in other words, to prevent a defendant from "buying off named plaintiffs through 'involuntary' settlements," 662 F.3d at 893 – to "move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id.* at 896. If discovery and additional investigation are necessary for the proper consideration of the motion, the court advised putative class representatives "to ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

  8. Plaintiffs therefore file this motion to protect the Class Members from any attempts by Defendant to "buy off" the individual Plaintiffs and moot these class actions. At the same time, they ask that the Court defer ruling until appropriate class discovery has taken place.

4

WHEREFORE, Plaintiffs respectfully request that this Court enter a briefing schedule on this motion, as it deems appropriate, after the completion of class discovery.

Dated: April 22, 2015　　　　　　　　Respectfully submitted,

**LAW OFFICE OF RICHARD S. CORNFELD**

By: */s/ Richard S. Cornfeld*
　　Richard S. Cornfeld
　　1010 Market Street, Suite 1720
　　St. Louis, MO 63101
　　P. (314) 241-5799
　　F. (314) 241-5788
　　rcornfeld@cornfeldlegal.com

　　and

　　Anthony S. Bruning (*pro hac vice pending*)
　　Anthony S. Bruning, Jr. (*pro hac vice pending*)
　　LERITZ, PLUNKERT & BRUNING, P.C.
　　555 Washington Avenue, Suite 600
　　St. Louis, MO 63101
　　P. (314) 231-9600
　　F. (314) 231-9480
　　abruning@leritzlaw.com
　　ajbruning@leritzlaw.com

　　*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2015, I electronically filed Motion for Class Certification with the Clerk of Court using the CM/ECF system and I hereby certify that on April 22, 2015, I mailed by United States Postal Service, the document to the following non-registered participants:

DRAFTKINGS, INC.
Serve:  Jason Robins
        376 Boylston Street, Suite 501
        Boston, MA 02116

                                                            */s/ Richard S. Cornfeld*