IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CORY HEMRICH and COOPER**

**OGBORN, individually and on behalf of**

**all those similarly situated,**

**Plaintiffs,**

**v.**

**DRAFTKINGS, INC., a Delaware**

**corporation,**

**Defendant.**

Case No. 3:15-cv-445-DRH-SCW

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS PROCEEDINGS

Exceptional circumstances exist for the filing of this reply because it is necessary to correct significant misstatements of law and address new arguments raised in Plaintiffs' Opposition. *See* SDIL-LR 7.1(c).

## I.    PLAINTIFFS' CHALLENGES MUST BE HEARD BY AN ARBITRATOR

In their Opposition, Plaintiffs do not deny that the Terms of Use they agreed to when they registered for DraftKings require the parties to arbitrate "[a]ny and all disputes, claims or controversies arising" between them.  (Compl. Ex G at 248.)  Plaintiffs' assertion that the Court must consider challenges to the agreement's validity before compelling arbitration (Opp'n at 1, 6–8) is misguided for two reasons.

*First*, the Terms of Use plainly delegated the various challenges Plaintiffs now raise to an arbitrator.  (*See* Mot. at 10.)  "[B]y incorporating [] AAA Rules" into the Terms of Use, the parties "clearly and unmistakably agreed to have an arbitrator decide whether they agreed to arbitrate Plaintiff's disputes." *Wal-Mart Stores, Inc. v. Helferich Patent Licensing, LLC*, 51 F. Supp. 3d 713, 720 (N.D. Ill. 2014) (J. Castillo); *see also* Mot. at 10.[1]  As this Court recognized in *Gore v. Attel Commc'ns, LLC*, parties can "certainly" agree to "arbitrate the issue of whether they [] agreed to arbitrate," which is precisely what happened here.  No. 10-735-DRH, 2011 WL 1303820, at *3 (S.D. Ill.), *rev'd on other grounds*, 666 F.3d 1027 (7th Cir. 2012).

*Second*, Plaintiffs misstate the law.  Courts have time and again held that the types of challenges Plaintiffs advance cannot avoid arbitration as "none of [Plaintiffs'] arguments refutes

---

[1]  In addition to the district courts within the Seventh Circuit, an "overwhelming majority" of courts examining this issue require that the arbitrator decide questions of arbitrability when AAA rules are selected. *Gilman v. Walters*, 61 F. Supp. 3d 794, 800 (S.D. Ind. 2014) (J. Barker) (collecting cases); *Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 11 (1st Cir. 2009); *see also Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009) (same).  The result is the same if the Court looks to Massachusetts law (as the Terms of Use require): *Lewis v. Capo Grp., Inc.*, No. 12-10965, 2012 WL 6589237, at *3 n.2 (D. Mass. Dec. 17, 2012) (J. Zobell).  Plaintiffs' challenges must be presented to an arbitrator.

the basic point that [Plaintiffs] signed an agreement" containing an arbitration clause. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 742 (7th Cir. 2010). "We are left only with the question of whether [the] contract is enforceable, and that is the kind of issue that [the Supreme Court in] *Prima Paint*, *Buckeye*, and *Rent-A-Center* put squarely in the arbitrator's box." *Id.* Plaintiffs do not raise any issues falling outside the arbitrator's purview. Importantly, Plaintiffs ignore the part of *Janiga* that states "the existence of a contract is an issue that the courts must decide prior to . . . ordering arbitration, ***unless the parties have committed even that gateway issue to the arbitrators***." 615 F.3d at 738 (emphasis added). Here, the "evidence shows that the parties formed a contract" "includ[ing] an arbitration clause," *id.*, and they unmistakably delegated the issue of contract enforceability and arbitrability to the arbitrator. *See* Dkt. 20-2 at 17 (AAA Consumer Rules 14(a)-(b)). Consequently, Plaintiffs' "various complaints about enforceability are not at issue" now—they must be raised with the arbitrator during arbitration. *Janiga*, 615 F.3d at 743; *see also Rent-A-Center, Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (arbitrator must decide defendant's unconscionability claims); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (FAA prevents federal courts from considering challenges to the "contract generally"); *Sauer-Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348, 350 (7th Cir. 1983) (rejecting that "a court must decide" the validity of arbitration agreement). Accordingly, this case should be compelled to arbitration.

## II.   EVEN IF IT WERE PROPER FOR THE COURT TO CONSIDER PLAINTIFFS' CHALLENGES TO THE TERMS OF USE, THEY NONETHELESS FAIL

Plaintiffs' baseless assertion that DraftKings "concedes that there was no contract[,]" (Opp'n at 1), ignores both DraftKings' Motion and the Terms of Use. For example, Plaintiffs' assertion that DraftKings fails to address "Count V seeking a declaratory judgment" (Opp'n at 6) is a red herring: this claim, like the other Counts, is covered by the arbitration clause, which

covers "[a]ny and all disputes, claims or controversies arising out of or relating to this Agreement, the breach thereof, or any use of the Website[.]"  (Compl. Ex. G at 248.)  Plaintiffs' challenges to the Terms of Use are issues for the arbitrator to decide, but even if this Court considered Plaintiffs' attempts to avoid their agreement, arbitration is still required.

## A.        The Terms of Use Are Enforceable And Not Illusory.

Plaintiffs' arguments that the Terms of Use are illusory directly contradict the cases holding that a mutual obligation to arbitrate is sufficient consideration to enforce a contract.  *See, e.g., Bishop v. We Care Hair Dev. Corp.*, 738 N.E.2d 610, 623 (Ill. App. Ct. 2000) ("a mutual promise to arbitrate is sufficient consideration to support an agreement to arbitrate"); *Gonzalez v. GE Grp. Admin., Inc.*, 321 F. Supp. 2d 165, 169 (D. Mass. 2004) (J. Neiman) (same).  Thus, Plaintiffs' reliance on cases lacking mutuality in the agreement to arbitrate is misplaced.

Plaintiffs' citations to case law do not support their position.  Several did not even involve arbitration provisions.  (*See* Opp'n at 16 (citing, *e.g., Dwyer v. Graham*, 457 N.E.2d 1239 (Ill. 1983) (concerning an unlimited lease of a cement factory); *Gill v. Richmond Co-op, Ass'n*, 309 Mass. 73 (1941) (concerning promise to sell however much milk buyer *might* want)).)  In most of the cited cases that do concern arbitration, the courts enforced the arbitration provisions.[2]  The cases Plaintiffs cite that found an arbitration agreement illusory are distinguishable.  Plaintiffs—like DraftKings—can terminate the relationship at any time, without prior notice, by simply discontinuing use of the site.  (Compl. Ex. G at 247, 249.)  That was not true in Plaintiffs' authorities.  Further, in *Domenichetti v. Salter Sch.*, 2013 WL 1748402, at *2

---

[2]  *See* Opp'n at 16-17 (citing *DeLuca v. Bear Stearns & Co.*, 175 F. Supp. 2d 102, 113 (D. Mass. 2001) (J. Saris) ("exchange of promises to arbitrate . . . constitutes sufficient consideration"); *Martinez v. Utilimap Corp.*, 2015 WL 3932151, at *3, *6-7 (S.D. Ill. June 25, 2015) (ability to "unilaterally modify" contract did not render arbitration contract illusory)).

(D. Mass. Apr. 19, 2013) (J. Saylor), the court found that there was no binding arbitration clause when it was part of an employee handbook that the defendant conceded was "not a contract."

## B.      The Terms Of Use Are Neither Substantively Nor Procedurally Unconscionable.

Plaintiffs' unconscionablility[3] challenges (Opp'n at 12-19) are not only improper because they are "for the arbitrator," *Rent-A-Center*, 561 U.S. at 72, but they are also meritless.

Plaintiffs cite no authority to support their argument that the forum selection clause renders the agreement unenforceable.  (*See* Opp'n at 18.)  Courts have repeatedly held that (1) agreements should be read in a way to favor arbitration, *Eiland v. Arctic Food Servs., Inc.*, 2008 WL 1821713, at *1 (S.D. Ill. Apr. 21, 2008) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"), and (2) any allegedly contradictory provisions should be harmonized, *Archer-Daniels-Midland Co. v. Phoenix Assur. Co.*, 936 F. Supp. 534, 538 (S.D. Ill. 1996); *see also Chapman v. Katz*, 65 Mass. App. Ct. 826, 829 (2006) (same). Accordingly, the forum selection clause applies only to that narrow category of suits not covered by the arbitration clause (e.g., action to enforce an arbitral award or an individual small claims suit).[4]

---

[3]  Plaintiffs argue that Illinois law states that either procedural or substantive unconscionability, or both, can invalidate an agreement.  (Opp'n at 13.)  While technically correct, Illinois courts have recognized that "a degree" of procedural unconscionability may be insufficient to render it unenforceable and many times, the contract is invalidated only where elements of both procedural and substantive unconscionability are present.  *Kinkel v. Cingular Wireless LLC*, 223 Ill. 2d 1, 27 (2006) ("We do not find this degree of procedural unconscionability to be sufficient to render the class action waiver unenforceable, but it is a factor to be considered in combination with our findings on the question of substantive unconscionability."); *Bess v. DirecTV, Inc.*, 381 Ill. App. 3d 229, 244 (2008) (same).  If the laws conflict, then Massachusetts law governs pursuant to the Terms of Use.  *Machado v. System4 LLC*, 471 Mass. 204, 218 (2015) ("Under Massachusetts law, '[t]o prove that the terms of a contract are unconscionable, a plaintiff must show both substantive unconscionability . . . and procedural unconscionability'"); Compl. Ex. G at 249.

[4]  None of the clauses Plaintiffs cite to as examples of substantive unconscionability apply here.  (Opp'n at 13-14.)  The contract here is not one-sided, but mutual.  (*Supra* 3-4.)  Further, right to amend is not

*(Cont'd on next page)*

4

Plaintiffs' claim that the arbitration clause is not sufficiently brought to the customer's attention (Opp'n at 14-17) is similarly unsupported. An arbitration clause that is: (1) "in the same font and size as the rest of the [a]greement"; (2) in a section that "is set off by a blank line above and below it"; and (3) labeled with a title "in all capital [] letters," like the arbitration clause at issue here, is "not hidden in a maze of fine print" and thus not procedurally unconscionable. *Davis v. Fenton*, 26 F. Supp. 3d 727, 738 (N.D. Ill. 2014) (J. Castillo); *see also Roberts v. Smith Barney, Harris Upham & Co.*, 653 F. Supp. 406, 418 (D. Mass. 1986) (J. Skinner) (no procedural unconscionability where arbitration clause is labeled in bold type).

## III.   PLAINTIFFS' CHALLENGES IGNORE THE SEVERABILITY CLAUSE

Plaintiffs' challenges to specific provisions of the Terms of Use—e.g., termination, release of liability, and amendment—fail for the additional reason that any supposedly unenforceable provisions can simply be severed. *Sanchez v. CleanNet USA, Inc.*, 78 F.Supp.3d 747, 757-58 (N.D. Ill. 2015) (J. Zagel) (enforcing arbitration despite finding a provision limiting remedies unenforceable); *Tortoriello v. Gerald Nissan of N. Aurora, Inc.*, 882 N.E.2d 157, 180 (Ill. App. Ct. 2008) (same). The Terms of Use contain a severability clause: "[T]he invalidity of [an unenforceable] provision shall not affect the validity of the remaining provision of these Terms of Use, which shall remain in full force and effect." (Compl. Ex. G. at 249.) Every provision that Plaintiffs challenge, even if considered by this Court, can be severed from the agreement to arbitrate and the parties still ordered to arbitration.

---

*(Cont'd from previous page)*

"*by itself*, sufficient to render an arbitration clause unconscionable (emphasis added.)" *See, e.g., Musikantow v. Deutsche Bank AG*, 2012 WL 6953387, at *8 (Ill. App. Ct. May 11, 2012).

DATED: September 8, 2015

HEPLERBROOM LLC

By: __/s/ W. Jason Rankin_____
Theodore J. MacDonald, Jr.   #3125246IL
     email: tjm@helplerbroom.com
W. Jason Rankin            #6237927IL
     email: wjr@helplerbroom.com
130 North Main Street
Edwardsville, Illinois 62025
618-656-0184 telephone
618-656-1364 fax

GIBSON DUNN & CRUTCHER LLP
James P. Fogelman, admitted *pro hac vice*
     email: jfogelman@gibsondunn.com
Austin V. Schwing, admitted *pro hac vice*
     email: aschwing@gibsondunn.com
Timothy W. Loose, admitted *pro hac vice*
     email: tloose@gibsondunn.com
333 S Grand Avenue
Los Angeles, California 90071
213-229-7000 telephone
213-229-7520 fax

Attorneys for Defendant, DraftKings, Inc.

## PROOF OF SERVICE

    I hereby certify that I electronically filed on September 8, 2015, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

ATTORNEY FOR **PLAINTIFFS**.......................................................... Anthony S. Bruning
                                                      Richard S. Cornfeld

*/s/  W. Jason Rankin*