UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **CORY HEMRICH** and **COOPER OGBORN**, Individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>vs.  )<br>)<br>**DRAFTKINGS, INC.**, a Delaware corporation,  )<br>)<br>)<br>Defendant.  ) | CIVIL NO. 3:15-CV-445-DRH-SCW |

## MOTION TO STRIKE DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

COME NOW Plaintiffs and move to strike the Reply Brief filed by Defendant for failure to comply with the requirements of Local Rule 7.1(c) and in support thereof state as follows:

1. On September 8, 2015, Defendants filed a Reply Brief in support of its motions to dismiss.[1]

2. Pursuant to this Court's local rules, **"[r]eply briefs are not favored and should be filed only in exceptional circumstances.** The party filing the reply brief shall state the exceptional circumstances." SDILLR 7.1(c) (emphasis in original). No sur-reply brief is permitted, and a party may supplement its brief with new authority only with leave. *Id.*

3. As this Court has stated, "a reply brief must set forth exceptional circumstances necessitating supplemental authority; such as a change in law or facts since the filing of its motion, or other exceptional circumstances the Court, in its discretion, believes warrant a reply

---

[1] Defendant's Reply in Support of Motion to Compel Arbitration and Dismiss Proceedings, Doc. # 31.

1

brief." *United States v. Rollins*, 05-CR-30133-DRH, 2011 WL 4737078 at *1 (S.D. Ill. Oct. 5, 2011). *See also Beesley v. Int'l Paper Co.*, 06-703-DRH, 2012 WL 195582 at *2 (S.D. Ill. Jan. 23, 2012) (allowing reply brief where opposition brief had asked for sanctions for a supposedly "frivolous" opening brief).

4. This Court has stated: "As a general rule, the Court will not consider arguments or evidence raised for the first time in a reply brief. It is the practice of this Court, as Defendants point out, to strike this type of newly-raised material, unless there is some legitimate reason why the argument or evidence could not have been raised earlier." *City of Fairview Heights v. Orbitz, Inc.*, 05-CV-840-DRH, 2008 WL 895650 at *3 (S.D. Ill. Mar. 31, 2008). *See also Burden v. CSX Transp., Inc.*, 08-CV-04-DRH, 2011 WL 3793664 at *2 (S.D. Ill. Aug. 24, 2011) ("Any arguments first made in a reply brief are waived, however.")

5. Moreover, parties may not use a reply brief to repeat arguments from their original brief. *Id.* ("The Court agrees with plaintiff that the bulk of defendant's reply repeats arguments it made originally. Those parts will not be considered.")

6. Defendant provide no reason, such as a recent change in law or facts, why it could not have made the same arguments in their original brief. Nor do they provide any other genuinely exceptional circumstance that warrants reply brief. Here is how Defendant justifies their brief:

> a. "Exceptional circumstances exist for the filing of this reply because it is necessary to correct significant misstatements of law and address new arguments raised in Plaintiffs' Opposition." (Reply at 1).

7. Neither of these bases merits a reply brief. For example, although Defendant state that the Reply is warranted because of "new arguments raised in Plaintiffs' Opposition" *Id*, of the five arguments Defendant raised in their reply brief four were addressed in their original

2

brief and the fifth was an not an argument raised by Plaintiffs.

    a. "Plaintiffs' Challenges Must Be Heard by an Arbitrator" *Id,* was addressed in their original brief under the section titled "Plaintiffs Must Arbitrate Their Claims Against DraftKings on an Individual Basis." Brief at 4-5.

    b. "Even if it were Proper for the Court to Consider Plaintiffs' Challenges to the Terms of Use, They Nonetheless Fail," Reply at 2, was addressed in their original brief under the section titled "The Written Arbitration Provision is Valid." Brief at 5-8.

    c. "The Terms of Use are Enforceable and Not Illusory," Reply at 3, was addressed in the original brief in the section titled "The Validity of the Entire Contract Must Be Determined by an Arbitrator." Brief at 11-12. Specifically, Defendant noted in their original brief "Plaintiffs claim that the entire Terms of Use "do not constitute a binding agreement, are unconscionable and void, and are an illusory agreement,"" Brief at 11, quoting Compl. ¶ 151.

    d. "The Terms of Use are Neither Substantively nor Procedurally Unconscionable," *Reply* at 4, was addressed in the section titled "The Arbitration Provision is Not Unconscionable." Brief 14-16.

    e. The last section is titled "Plaintiffs' Challenges Ignore the Severability" Clause", Reply at 4, discusses a clause that was never addressed by Plaintiffs. Hence Defendant's claim that it was ignored. Nothing prevented the Defendant from raising this argument in its original brief.

8. There are other reasons why the reply briefs are improper. For example, they cite authority that predates, but is not mentioned in, their original brief. If fact, none of them were even 2015 cases.

9. Under Local Rule 7.1(c), Plaintiffs may not respond substantively to the arguments or the authority in the reply briefs. As this Court held in another case, Defendant's

submission of new arguments in these reply briefs "deprived [Plaintiffs] of an opportunity to mount a response. S.D. Ill. Local Rule 7.1 (c). ('Under no circumstances will sur-reply briefs be accepted.') As a general matter, a reply brief is the wrong place for a party to present new arguments." *Minor v. Pro-Comm Commc'ns, Inc*, 04-CV-627-DRH, 2006 WL 1751265 at *5 n. 6 (S.D. Ill. June 26, 2006). The same is true for positions that are simply repeated. *City of Fairview Heights.*

FOR THE FOREGOING REASONS, Plaintiffs respectfully request that the Court strike Defendants' reply briefs.

Dated this 24th day of September, 2015.

/s/ Anthony S. Bruning, Jr.
Anthony S. Bruning, #6181668
Email: abruning@leritzlaw.com
Anthony S. Bruning Jr., #6294898
Email: ajbruning@leritzlaw.com
LERITZ, PLUNKERT & BRUNING, P.C.
555 Washington Avenue, Suite 600
St. Louis, MO 63101
314-231-9600 telephone
314-231-9480 fax


LAW OFFICE OF RICHARD S. CORNFELD

/s/ Richard S. Cornfeld
Richard S. Cornfeld
Email: rcornfeld@cornfeldlegal.com
1010 Market Street, Suite 1720
St. Louis, MO 63101
314-241-5799 telephone
314-241-5788 fax

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the United States District Court this 24th day of September, 2015, with service upon the following via operation of the Court's electronic filing system:

| | |
|---|---|
| James P. Fogleman<br>Timothy W. Loose<br>Gibson, Dunn & Crutcher, LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>213-229-7000<br>Fax: 213-229-7520<br>Jofogleman@gibsondunn.com<br>tloose@gibsondunn.com | Theodore J. MacDonald, Jr.<br>HeplerBroom, LLC<br>One Metropolitan Square<br>211 North Broadway, Ste. 2700<br>St. Louis, MO 63102<br>314-241-6160<br>Fax: 314-241-6116<br>tjm@heplerbroom.com |
| Austin Schwing<br>Gibson, Dunn & Crutcher, LLP<br>555 Mission St., Ste. 3000<br>San Francisco, CA 94105<br>415-393-8200<br>aschwing@gibsondunn.com | W. Jason Rankin<br>Hepler Broom, LLC<br>130 North Main Street<br>P.O. Box 510<br>Edwardsville, IL 62025<br>618-307-1138<br>Fax: 618-656-1364<br>wrj@heplerbroom.com |

            /s/ Anthony S. Bruning, Jr. _____