IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORY HEMRICH and COOPER
OGBORN, individually and on behalf
of all those similarly situated,

    Plaintiffs,                                   No.   3:15-cv-445-DRH-SCW

vs.

DRAFTKINGS, INC., a Delaware
corporation

    Defendant.

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on the defendant DraftKings, Inc.'s ("DraftKings") Motion to Stay Proceeding Pending a Decision by the Judicial Panel on Multidistrict Litigation. For the reasons discussed herein the motion is **GRANTED. Further,** the Court issues a **litigation hold** as described herein.

This action is one of several cases currently pending in federal courts across the country filed against DraftKings. The pending actions assert, among other things, (1) consumer fraud claims related to alleged misrepresentations about customers' initial deposits ("Initial deposit"); (2) employees' improper use of insider information ("employee play"); and/or (3) illegal gambling. In the instant case, plaintiffs contend DraftKings violated state consumer protection statutes by falsely representing to would-be participants that it would double their initial deposits.

Here, the plaintiffs do not bring any claims pertaining to employee play or illegal gambling.

On October 15, 2015, one of the plaintiffs filed a petition before the JPML to have some of the cases consolidated to one court under the MDL procedure. (*In re: Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL No. 2677.)3 On October 17 and 18, 2015, two more petitions were filed. (*In re FanDuel, Inc., Fantasy Sports Litigation*, MDL No. 2679; *In re: DraftKings, Inc., Fantasy Sports Litigation*, MDL No. 2678.). In its response, DraftKings provided the JPML with a complete list of the cases, including this one, that it argues should be consolidated. Plaintiffs oppose consolidation. Further, plaintiffs oppose defendants' motion to stay. Plaintiffs contend the JPML is unlikely to consolidate this initial deposit case with cases alleging employee play or illegal gambling.

After reviewing the pleadings and the relevant authority, the Court finds that a stay is warranted. A brief stay pending a decision from the Judicial Panel will ensure there will not be unnecessary duplication of effort, prejudice to the parties, or any inconsistent rulings while the courts and parties await the JPML's decision. In addition to **GRANTING** DraftKing's motion to stay, the Court finds that it would be prudent to ensure that a litigation hold is in place with regard to this case and related litigation. Accordingly, the Court further **ORDERS** as follows:

The Court is unaware, at this point in time, whether the defendants have been the subject of a court ordered litigation hold in any of the myriad of cases filed around the country relative to the issues brought before the Court in the complaint

filed in this case. Regardless of whether that is the current state of the record in one, more or no jurisdictions, or a matter in which the parties have simply relied upon the common law for guidance, this Court hereby places a corporate-wide litigation hold on all documents, electronically stored information, computers (including desktops, laptops, tablets, personal digital assistants and any and all computers of any description), custodial files, cell phones (on which the option to save texts and emails should be engaged). Further, to the extent that independent contractors have the same type of items as heretofore referred and the defendant has the contractual ability to control these items and information, it shall direct that holds be placed on the above described items. The hold is limited to matters which are relevant to the allegations in the complaint. The intent of the hold is to be broad based not narrow in scope and questions of interpretation shall be addressed to the Court not self-determination. To the extent that other litigation holds by other courts are broader than this hold, such holds shall prevail over this hold. To the extent that the defendants know of information or documents or data sources not specified in this hold which the common law would require be the subject of a litigation hold, defendant shall subject it to a hold.

      As for the plaintiffs, a litigation hold of a similar nature is hereby placed on plaintiff. Although, it is unlikely plaintiffs have information in similar formats, to the extent that plaintiffs have any stored information, paper records, digital records, bank records of any kind, emails, computer records, or any records that are relevant to damages or any other relevant information regarding the subject of

the litigation hold placed on the plaintiffs.

These holds will remain in effect until this order is superseded by further order of this Court or a transferee Court.

In light of the potential that this action will be assigned for consolidation in a MDL transfer, discovery is stayed pending an order from the Judicial Panel on Multidistrict Litigation (Panel). Once the Panel acts (either transferring this action or denying consolidation) this stay automatically terminates on the date of such order of the Panel.

**IT IS SO ORDERED.**

Signed this 2nd day of December 2015.

Digitally signed by
Judge David R. Herndon
Date: 2015.12.02
12:40:34 -06'00'

**United States District Judge**